ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOSEPH WOOLRIDGE,

Plaintiff,

-against-

EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; LVNV FUNDING LLC; RESURGENT CAPITAL SERVICES L.P.; CARMAX AUTO FINANCE / CARMAX BUSINESS SERVICES, LLC; and CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,

Defendants.

CV 26- 5319

**Civil Action No. ____________**
**JURY TRIAL DEMANDED**

---

**COMPLAINT**
**FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**

Plaintiff Joseph Woolridge, appearing pro se, alleges as follows:

J. Marutollo

## I. NATURE OF THE ACTION

**1.** This is an action under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. Plaintiff does not allege that the accounts at issue are not his, and does not allege that any item is obsolete. Plaintiff alleges that three consumer reporting agencies published information about real debts in a form that was false on its face and internally contradictory; that they were given written notice of it on five separate occasions; that they failed to conduct reasonable reinvestigations; that two of them failed to send Plaintiff the results of reinvestigations they completed; and that after receiving notice they altered Plaintiff's payment history, in several instances adding delinquencies that had never previously been reported.

REC'D IN PRO SE OFFICE
AUG 28 '26 AM10:01



RECEIVED
AUG 28 2026
PRO SE OFFICE

**2.** Plaintiff further alleges that three furnishers of information failed to conduct reasonable investigations after Plaintiff's disputes were forwarded to them by the consumer reporting agencies, as required by 15 U.S.C. § 1681s-2(b).

## II. JURISDICTION AND VENUE

**3.** This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which grants jurisdiction over actions to enforce liability created by the Fair Credit Reporting Act to any appropriate United States district court without regard to the amount in controversy.

**4.** Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred here. Plaintiff resides in Queens County, New York, which lies within this District; Plaintiff received the consumer disclosures at issue at his residence in this District; and the inaccurate information was published to third parties concerning a consumer residing in this District.

**5.** This action is timely under 15 U.S.C. § 1681p. The violations alleged occurred between May 2025 and August 2026, and Plaintiff discovered them within two years of filing.

## III. PARTIES

**6.** Plaintiff Joseph Woolridge is a natural person residing at 11707 Rockaway Beach Boulevard, Apt #1, Rockaway Park, New York 11694, in Queens County. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1681a(c).

**7.** Defendant Equifax Information Services LLC is a consumer reporting agency within the meaning of 15 U.S.C. § 1681a(f), which regularly assembles and evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and which does business in this District.

Defendant No.___
Name: Resurgent Capital Services, L.P.
Job or Title (If known): Corporation Services Company
Street Address: 80 State Street
City and County: Albany, NY
State and Zip Code: 12207 - 2543
Telephone Number: ______
Email Address (If known): ______

Defendant No.___
Name ______
Job or Title (If known) ______
Street Address ______
City and County ______
State and Zip Code ______
Telephone Number ______
Email Address (If known) ______

Defendant No.___
Name ______
Job or Title (If known) ______
Street Address ______
City and County ______
State and Zip Code ______
Telephone Number ______
Email Address (If known) ______

Defendant No.___
Name ______
Job or Title (If known) ______
Street Address ______
City and County ______
State and Zip Code ______
Telephone Number ______
Email Address (If known) ______

Defendant No.___
Name ______
Job or Title (If known) ______
Street Address ______
City and County ______
State and Zip Code ______
Telephone Number ______
Email Address (If known) ______

**8.** Defendant Experian Information Solutions, Inc. is a consumer reporting agency within the meaning of 15 U.S.C. § 1681a(f), which regularly assembles and evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and which does business in this District.

**9.** Defendant Trans Union LLC is a consumer reporting agency within the meaning of 15 U.S.C. § 1681a(f), which regularly assembles and evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and which does business in this District.

**10.** Defendants LVNV Funding LLC and Resurgent Capital Services L.P. are furnishers of information to consumer reporting agencies within the meaning of 15 U.S.C. § 1681s-2. LVNV Funding LLC is a purchaser of charged-off consumer debt; Resurgent Capital Services L.P. services accounts on its behalf.

**11.** Defendant CarMax Auto Finance / CarMax Business Services, LLC is a furnisher of information to consumer reporting agencies within the meaning of 15 U.S.C. § 1681s-2, and was the originating creditor on the automobile loan described below.

**12.** Defendant Cellco Partnership d/b/a Verizon Wireless is a furnisher of information to consumer reporting agencies within the meaning of 15 U.S.C. § 1681s-2.

## IV. FACTUAL ALLEGATIONS

### *A. The accounts*

**13.** The CarMax account, ending 5741, reported by Equifax and Trans Union, is an automobile installment loan opened January 7, 2022 with an original balance of $27,307. Plaintiff fell behind on the account. It was charged off in the amount of $18,495. Plaintiff paid the account in full and CarMax released the title and lien on July 27, 2026.

**14.** The LVNV Funding account, ending 8030, is a collection account with a balance of $440, acquired by LVNV Funding LLC from Capital One. Its date of first delinquency is July 1, 2024.

**15.** The Verizon Wireless account, ending in 0001, is a telecommunications collection account with a balance of $1,030. Its date of first delinquency is March 26, 2024.

***B. Plaintiff gave written notice five times***

**16.** On May 19, 2025 Plaintiff mailed written disputes to all three consumer reporting agencies by Certified Mail with Return Receipt Requested and filed a complaint with the Consumer Financial Protection Bureau. The Equifax envelope was delivered on May 20, 2025, evidenced by a signed return receipt.

**17.** Rather than reinvestigate, Equifax wrote to Plaintiff on June 11, 2025 stating that the identification Plaintiff had provided was "illegible" and demanding two further forms of identification. Plaintiff responded on June 3 and 4, 2025 with a further dispute.

**18.** Plaintiff mailed a third round of written disputes on or about October 14, 2025.

**19.** Plaintiff mailed a fourth round of written disputes on December 4, 2025, comprising separate letters to each of the three consumer reporting agencies and a further complaint to the Consumer Financial Protection Bureau. Each of those letters states, in Plaintiff's own words written at the time, that he had already sent three written disputes.

**20.** On May 7, 2026 Plaintiff signed fourteen pre-suit demand letters addressed to Defendants and their registered agents, and caused all fourteen to be mailed on May 11, 2026 by Certified Mail with Return Receipt Requested at a cost of $162.40 in postage. All fourteen were delivered between May 13 and May 16, 2026. All forty-three return receipts were returned to Plaintiff.

***C. One account, one day, three irreconcilable descriptions***

**21.** On August 11, 2026 Plaintiff obtained consumer disclosures from all three consumer reporting agencies.

**22.** Equifax's disclosure of August 11, 2026, at page 9 of 22, prints for the CarMax account "Status: Pays As Agreed." The payment history grid on that same page prints charge-off ratings for September through December 2024 and for January through July 2025, and 180-day delinquency ratings for August and September 2025.

**23.** Trans Union's disclosure of the same date prints for the same account "Pay Status: Paid, Closed; was Paid as agreed," against a block of consecutive charge-off ratings.

**24.** Experian's disclosure of the same date prints for the same account "Status: Paid, Closed. $18,495 written off."

**25.** An account cannot simultaneously have been paid as agreed and have been written off for $18,495. At least two of these three descriptions are false on their face.

**26.** Trans Union reported this account correctly at an earlier date. Its Investigation Results letter dated May 14, 2025, File No. 459554694, at page 9 of 12, prints "Pay Status: >Charged Off<" and "Original Charge-off: $18,495."

***D. Trans Union reinvestigated the contradiction and then affirmed it***

**27.** Trans Union's Reinvestigation Results letter of May 29, 2026, File No. 469031025, at page 5 of 7, states as to the CarMax account: "We investigated the information you disputed and the disputed information was VERIFIED AS ACCURATE; however, we updated: Balance; Date Updated; Remarks; Maximum Delinquency; Rating; Historical Trended Data."

**28.** On that same page, following that investigation, Trans Union printed "Pay Status: Current; Paid or Paying as Agreed" together with ">Maximum Delinquency of 120 days

in 07/2024 and in 08/2025<." An account cannot be current and paying as agreed while carrying a maximum delinquency of 120 days.

**29.** That letter is dated sixteen days after Plaintiff's demand was delivered to Trans Union on May 13, 2026. In it Trans Union states that it updated the account's "Rating" and "Historical Trended Data" — that is, the payment history — in the course of responding to Plaintiff's dispute.

**30.** Six days before that letter, on May 23, 2026, the Dovly application through which Plaintiff submits disputes to Trans Union recorded the completion of Plaintiff's Trans Union dispute numbered 1-245446693, concerning the CarMax account, with the stated reason: "The creditor agreed to delete this account." The account was nonetheless still being reported by Trans Union on August 11, 2026.

***E. The payment histories were rewritten after Defendants were served***

**31.** Plaintiff obtained consumer disclosures from all three consumer reporting agencies on April 27, 2026, before his demand letters were delivered, and again on August 11, 2026, after they were delivered.

**32.** On April 27, 2026 Equifax and Trans Union reported the CarMax payment history identically. Every month from January 2022 through February 2026 carried the same rating on both files.

**33.** Between April 27 and August 11, 2026, Equifax moved substantially every rating on that account by one month, as follows:

| Month | Equifax, April 27, 2026 | Equifax, August 11, 2026 |
|---|---|---|
| March 2022 | 30 days | no rating |
| April 2022 | 60 days | 30 days |
| June 2022 | 30 days | no rating |

| Month | Equifax, April 27, 2026 | Equifax, August 11, 2026 |
|---|---|---|
| July 2022 | 60 days | 30 days |
| September 2022 | 30 days | no rating |
| October 2022 | 60 days | 30 days |
| November 2022 | 90 days | 60 days |
| August 2023 | 30 days | no rating |
| September 2023 | 60 days | 30 days |
| November 2023 | 30 days | no rating |
| December 2023 | 60 days | 30 days |
| January 2024 | 90 days | 60 days |
| April 2024 | 30 days | no rating |
| May 2024 | 60 days | 30 days |
| June 2024 | 90 days | 60 days |
| July 2024 | 120 days | 90 days |
| August 2024 | Charge Off | 120 days |

**34.** Between those same two dates, Trans Union changed five months on the same account: June 2024 from 90 days to 60 days; July 2024 from 120 days to 90 days; August 2024 from Charge Off to 120 days; August 2025 from 120 days to Charge Off; and September 2025 from no delinquency to 120 days.

**35.** September 2025 warrants particular attention. On Plaintiff's Trans Union disclosure of April 27, 2026, that month carried no delinquency of any kind. On his disclosure of August 11, 2026, it carries a 120-day delinquency. A delinquency that had never previously been reported was added to Plaintiff's file in that window, and it is now the most recent derogatory entry on the account.

**36.** As a result, the two agencies that reported identically in April did not agree in August. As of August 11, 2026, Trans Union reports 30-day delinquencies on this account in March,

June and September 2022, while Equifax reports them in April, July and October 2022. At most one version of each of those months can be accurate.

**37.** Experian likewise added a month. Its disclosure of April 27, 2026 prints "30 days past due as of May 2024, Oct 2023, Feb 2023, Oct 2022, Jul 2022, Apr 2022." Its disclosure of August 11, 2026 prints "30 days past due as of May 2024, Oct 2023, Sep 2023, Feb 2023, Oct 2022, Jul 2022, Apr 2022." A 30-day delinquency for September 2023 appears on the later disclosure and not on the earlier one.

**38.** All three agencies also report delinquency ratings for months following the charge-off. Equifax prints charge-off ratings from September 2024 through July 2025 and then 180-day ratings for August and September 2025. Experian prints "Charge Off as of Aug 2025 to Sep 2024" and then "180 days past due as of Sep 2025." Trans Union prints charge-off ratings from September 2024 through August 2025 and then a 120-day rating for September 2025. An account that has been charged off does not thereafter revert to a 120-day or 180-day delinquency status.

**39.** For August 2025 alone the record contains three different answers. Equifax reports a 180-day delinquency. Experian and Trans Union report a charge-off. Trans Union's own reinvestigation results letter of May 29, 2026 states a maximum delinquency of 120 days in that month.

**40.** Each of the changes described in this subsection was made after the Defendant that made it had received written notice from Plaintiff identifying the account as inaccurately reported.

***F. A "first reported" date that moved forward while the delinquency did not***

**41.** On Plaintiff's Equifax disclosures, the field "Date Major Delinquency 1st Reported" for the LVNV Funding tradeline changed from 04/07/2026 to 06/02/2026 between April 27 and August 11, 2026, while the "Date of 1st Delinquency" remained 07/01/2024 throughout. The same field for the Verizon tradeline changed from 02/24/2026 to 06/01/2026 while its "Date of 1st Delinquency" remained 03/26/2024.

**42.** A field recording when a delinquency was first reported cannot accurately hold a date twenty-three or twenty-six months after the delinquency it describes, and cannot accurately be moved to a later date when the underlying delinquency has not changed.

**43.** Equifax's own reinvestigation results letter of June 4, 2026, Confirmation No. 6143511769, prints the LVNV tradeline twice — as received and as it stood after investigation. In both blocks the field "Date Major Delinquency 1st Reported" is blank. Two months later Equifax printed that field for the same tradeline as 06/02/2026 — a date two days before the letter in which the field was blank.

**44.** Equifax further prints for the LVNV tradeline "Date Opened: 01/27/2026" against a date of first delinquency of 07/01/2024. January 27, 2026 is the date the debt buyer acquired the account, not the date the account was opened.

***G. A collection tradeline added to Experian after Experian was served***

**45.** The LVNV Funding tradeline does not appear anywhere on Plaintiff's Experian disclosure of April 27, 2026. It appears on his Experian disclosure of August 11, 2026 as "RESURGENT/LVNV FUNDING," showing a collection from May 2026 and an on-record-until date of April 2031.

**46.** Plaintiff's demand letter to LVNV Funding of May 7, 2026, delivered May 13 and 14, 2026, required LVNV to cease all furnishing of any data concerning the account to any

consumer reporting agency, in any form, under any name. The tradeline appeared on Experian after that letter was delivered.

***H. Equifax promised results in writing and never sent them***

**47.** Plaintiff's demand to Equifax was mailed by Certified Mail and delivered between May 13 and May 16, 2026. Plaintiff did not authorize Equifax to deliver the results of any reinvestigation by any means other than mail.

**48.** Equifax responded by letter dated May 23, 2026, Confirmation No. 6143511894, closing Plaintiff's CarMax and Verizon disputes as duplicates of an ongoing dispute, and stating: "Item(s) that currently have a dispute in-process and the results will be sent to you within 30 days of the date initially received by Equifax."

**49.** Equifax never sent those results. No further written communication of any kind reached Plaintiff from Equifax concerning the CarMax or Verizon items.

***I. Experian completed a reinvestigation and sent nothing***

**50.** Experian's disclosure of August 11, 2026 prints, on three separate tradelines, "This item was updated from our processing of your dispute in Jun 2026," and on the CarMax tradeline "Completed investigation of FCRA dispute – consumer disagrees." Experian therefore completed a reinvestigation concerning Plaintiff's file in June 2026.

**51.** Experian never sent Plaintiff the results of that reinvestigation, and sent Plaintiff no written communication of any kind following the demand of May 7, 2026.

***J. The disputes were forwarded to the furnishers***

**52.** Equifax's letter of June 4, 2026 states that it "contacted the company reporting the disputed information to Equifax so that they could further research your dispute," that it "requested that the reporting company verify the accuracy of the information you

disputed," that it "provided them with any relevant information and supporting documentation you provided us with the dispute," and that it "requested that they send Equifax a response."

**53.** Trans Union's letter of May 29, 2026 states as to the CarMax, LVNV and Verizon accounts that it "investigated the information you disputed" and that the information "was VERIFIED AS ACCURATE," and prints for each account the furnisher's name, mailing address and telephone number.

**54.** Plaintiff's disputes were therefore forwarded to Defendants CarMax, LVNV Funding / Resurgent Capital Services, and Cellco Partnership d/b/a Verizon Wireless, and the duties imposed by 15 U.S.C. § 1681s-2(b) were engaged as to each of them. None of them corrected the information described above.

***K. The information was published to third parties***

**55.** Trans Union's disclosure of August 11, 2026 lists, under "Account Review Inquiries," that Rocket Mortgage LLC obtained information from Plaintiff's credit file on July 16, 2026, and further lists third-party accesses by Rocket Mortgage on August 7, 2026; Capital One on August 8, 2026; Nationstar Mortgage LLC on April 22, 2026; Discover Card on April 9, 2026 and November 27, 2025; and American Express on December 31, 2025. It further lists a regular inquiry by Capital One on December 30, 2025.

**56.** Experian's disclosure of August 11, 2026 lists that Zwicker & Associates, P.C., a law firm unaffiliated with Plaintiff, obtained Plaintiff's Experian file on May 12, 2026 and July 23, 2026, and designates that inquiry "COLLECTION." It further lists a hard inquiry by Discover on June 5, 2025 and third-party accesses by Capital One, Discover, Zillow Inc., American Express and Affirm on dated occasions.

**57.** Plaintiff has reviewed the inquiry section of his Equifax disclosures line by line. The most recent access to Plaintiff's Equifax file by an unrelated third party is by Capital One on December 30, 2025. Plaintiff states the position as to Equifax exactly as the documents show it.

***L. Willfulness***

**58.** The conduct described above was willful within the meaning of 15 U.S.C. § 1681n, or in the alternative negligent within the meaning of 15 U.S.C. § 1681o. Defendants received written notice of the specific inaccuracies on five occasions over fifteen months. Trans Union examined the CarMax item, expressly verified it as accurate, and in the same sentence recorded that it had altered the payment history. Equifax set its own thirty-day deadline in writing and did not meet it. Experian completed a reinvestigation and sent nothing. Two agencies added delinquencies to Plaintiff's file that had never previously been reported, after being served. Conduct of that kind entails an unjustifiably high risk of harm that is either known or so obvious that it should be known.

***M. Damages***

**59.** Plaintiff incurred $162.40 in Certified Mail postage on May 11, 2026 in giving the notices described above.

**60.** Plaintiff does not attribute any specific number of credit-score points to any single tradeline, does not claim that he was denied credit, and does not claim emotional distress or consequential business loss.

## V. CAUSES OF ACTION

***COUNT I — 15 U.S.C. § 1681e(b) — against Equifax, Experian and Trans Union***

**61.** Plaintiff repeats and realleges each preceding paragraph as if fully set forth herein.

**62.** Section 1681e(b) requires a consumer reporting agency, whenever it prepares a consumer report, to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

**63.** Each of Equifax, Experian and Trans Union prepared and published consumer reports concerning Plaintiff containing information that was inaccurate on its face: a status field describing a charged-off account as paid as agreed; delinquency ratings for months following a completed charge-off; and, as between the agencies, mutually irreconcilable accounts of which months Plaintiff was delinquent.

**64.** Each failed to follow reasonable procedures to assure maximum possible accuracy, and Plaintiff was harmed thereby.

***COUNT II — 15 U.S.C. § 1681i(a)(1) — against Equifax, Experian and Trans Union***

**65.** Plaintiff repeats and realleges each preceding paragraph as if fully set forth herein.

**66.** Section 1681i(a)(1) requires a consumer reporting agency, upon notice of a dispute from a consumer, to conduct a reasonable reinvestigation free of charge to determine whether the disputed information is inaccurate.

**67.** Each of Equifax, Experian and Trans Union received Plaintiff's disputes and failed to conduct a reasonable reinvestigation. Trans Union examined the CarMax account and affirmed a facial contradiction. Equifax closed Plaintiff's disputes as duplicates without reinvestigating them. Experian recorded a completed reinvestigation that left the inaccuracies in place and added a delinquency.

***COUNT III — 15 U.S.C. § 1681i(a)(5)(A) — against Equifax, Experian and Trans Union***

**68.** Plaintiff repeats and realleges each preceding paragraph as if fully set forth herein.

69. Section 1681i(a)(5)(A) requires that any item of information found to be inaccurate or incomplete, or which cannot be verified, be promptly deleted or modified.

70. Each agency has published two different versions of the same months of the CarMax payment history, and the three agencies do not agree with one another as to which months were delinquent. The disputed items therefore could not be verified, and were neither deleted nor modified.

***COUNT IV — 15 U.S.C. § 1681i(a)(6)(A) — against Equifax***

71. Plaintiff repeats and realleges each preceding paragraph as if fully set forth herein.

72. Section 1681i(a)(6)(A) requires a consumer reporting agency to provide written notice to a consumer of the results of a reinvestigation not later than five business days after its completion, by mail or, if authorized by the consumer for that purpose, by other means.

73. Equifax stated in writing on May 23, 2026 that results would be sent within thirty days. Plaintiff's dispute was mailed and Plaintiff authorized no other means of delivery. Equifax never sent the results.

***COUNT V — 15 U.S.C. § 1681i(a)(6)(A) — against Experian***

74. Plaintiff repeats and realleges each preceding paragraph as if fully set forth herein.

75. Experian completed a reinvestigation concerning Plaintiff's file in June 2026, as recorded on three tradelines of its own August 11, 2026 disclosure, and never provided Plaintiff written notice of the results.

***COUNT VI — 15 U.S.C. § 1681s-2(b) — against CarMax Auto Finance / CarMax Business Services, LLC***

76. Plaintiff repeats and realleges each preceding paragraph as if fully set forth herein.

**77.** Section 1681s-2(b) requires a furnisher, after receiving notice of a dispute from a consumer reporting agency, to conduct an investigation, to review all relevant information provided, and to report the results — and, if the information is found inaccurate or incomplete or cannot be verified, to modify, delete or permanently block it.

**78.** Plaintiff's disputes concerning the CarMax account were forwarded to CarMax, as recorded in Trans Union's letter of May 29, 2026. CarMax furnished data that the three agencies published in three irreconcilable forms, that included delinquency ratings for months following the charge-off it had itself reported, and that was rewritten across roughly twenty months after Plaintiff's disputes. CarMax failed to conduct a reasonable investigation and failed to correct the information.

***COUNT VII — 15 U.S.C. § 1681s-2(b) — against LVNV Funding LLC and Resurgent Capital Services L.P.***

**79.** Plaintiff repeats and realleges each preceding paragraph as if fully set forth herein.

**80.** Plaintiff's disputes concerning the LVNV account were forwarded to LVNV and Resurgent, as recorded in Equifax's letter of June 4, 2026 and Trans Union's letter of May 29, 2026.

**81.** LVNV furnished an opening date that was the date it acquired the account rather than the date the account was opened; furnished delinquency-reporting dates that moved forward while the underlying delinquency did not; and commenced furnishing the tradeline to Experian after receiving Plaintiff's written demand that it cease furnishing. It failed to conduct a reasonable investigation and failed to correct the information.

***COUNT VIII — 15 U.S.C. § 1681s-2(b) — against Cellco Partnership d/b/a Verizon Wireless***

**82.** Plaintiff repeats and realleges each preceding paragraph as if fully set forth herein.

**83.** Plaintiff's disputes concerning the Verizon account were forwarded to Verizon, as recorded in Trans Union's letter of May 29, 2026.

**84.** Verizon furnished delinquency-reporting dates that moved forward while the underlying delinquency did not, and furnished data that Equifax published without a date of last payment, a date closed, a status, or a date of last activity while carrying a balance of $1,030. It failed to conduct a reasonable investigation and failed to correct the information.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

**a.** Award statutory damages against each Defendant for willful noncompliance pursuant to 15 U.S.C. § 1681n(a)(1)(A), in an amount of not less than $100 and not more than $1,000 for each violation;

**b.** Award punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) in an amount the Court deems proper;

**c.** In the alternative, award actual damages for negligent noncompliance pursuant to 15 U.S.C. § 1681o, including $162.40 in postage;

**d.** Award costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2), together with reasonable attorney's fees in the event Plaintiff retains counsel in this action;

**e.** Award pre-judgment and post-judgment interest as permitted by law; and

**f.** Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated: Rockaway Park, New York
August 28TH, 2026

Joseph Woolridge

**JOSEPH WOOLRIDGE**
Plaintiff, pro se
11707 Rockaway Beach Boulevard, Apt #1
Rockaway Park, New York 11694
917.940.2270
joseph@nystudiofactory.com

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

JOSEPH WOOLRIDGE

*Plaintiff(s)*

v.

EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; LVNV FUNDING LLC; RESURGENT CAPITAL SERVICES L.P.; CARMAX AUTO FINANCE / CARMAX BUSINESS SERVICES, LLC; and CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS

*Defendant(s)*

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

1. Equifax Information Services LLC, c/o Corporation Service Company, 80 State Street, Albany, NY 12207
2. Experian Information Solutions, Inc., c/o C T Corporation System, 28 Liberty Street, New York, NY 10005
3. Trans Union LLC, c/o Corporation Service Company, 80 State Street, Albany, NY 12207-2543
4. LVNV Funding LLC, c/o Corporation Service Company, 80 State Street, Albany, NY 12207
5. Resurgent Capital Services, L.P., Attn: Compliance/Legal, P.O. Box 1269, Greenville, SC 29602
6. CarMax Business Services, LLC, c/o Corporation Service Company, 80 State Street, Albany, NY 12207
7. Cellco Partnership d/b/a Verizon Wireless, c/o C T Corporation System, 28 Liberty Street, New York, NY 10005

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Joseph Woolridge
11707 Rockaway Beach Boulevard, Apt #1
Rockaway Park, New York 11694
917.940.2270
joseph@nystudiofactory.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ____________________

____________________________________
*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________
was received by me on *(date)* ______________ .

❒ I personally served the summons on the individual at *(place)*
______________________ on *(date)* ______________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ______________
______________________ , a person of suitable age and discretion who resides there,
on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________ , who is
designated by law to accept service of process on behalf of *(name of organization)*
______________________ on *(date)* ______________ ; or

❒ I returned the summons unexecuted because ______________________ ; or

❒ Other *(specify)*:

My fees are $ __________ for travel and $ __________ for services, for a total of $ __________ .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc:

Revised 7.16.2026; Effective 7.16.2026

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

WOOLRIDGE, JOSEPH

**(b)** County of Residence of First Listed Plaintiff Queens
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

PRO SE - Joseph Woolridge, 11707 Rockaway Beach Boulevard, Apt #1, Rockaway Park, NY 11694 - 917.940.2270

**DEFENDANTS**

EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; LVNV FUNDING LLC; RESURGENT CAPITAL SERVICES L.P.; CARMAX AUTO FINANCE / CARMAX BUSINESS SERVICES, LLC; CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS

County of Residence of First Listed Defendant ______
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Unknown

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)* Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee *
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☒ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
15 U.S.C. 1681 et seq. - Fair Credit Reporting Act

Brief description of cause:
Inaccurate credit reporting; failure to reinvestigate; failure to provide reinvestigation results; furnisher failure to investigate

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** In excess of $150,000

CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*: JUDGE ______ DOCKET NUMBER ______

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

* Please respond to Part F on Page 2

## PART A - CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration No

I, Joseph Woolridge, counsel for himself, pro se, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

- [x] monetary damages sought are in excess of $150,000.00 exclusive of interest and costs,
- [ ] the complaint seeks injunctive relief, or
- [ ] the matter is otherwise ineligible for the following reason:

## PART B - DISCLOSURE STATEMENT - FEDERAL RULES of CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks. Add an additional page if needed.

Plaintiff is a natural person appearing pro se. Federal Rule of Civil Procedure 7.1 disclosure is not applicable.

## PART C - RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 3 in Section VIII on the front of this form. Rule 3(a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 3(a) provides that "A civil case shall not be deemed "related" to another civil case merely because the civil case involves identical legal issues, or the same parties." Rule 3 further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (b), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

None.

## PART D - NEW YORK EASTERN DISTRICT DIVISION OF BUSINESS RULE 1(d)(3)

*If you answer "Yes" to any of the questions below, this case will be designated as a Central Islip case and you* ***must select Office Code 2****.*

1. Is the action being removed from a state court that is located in Nassau or Suffolk County? No
2. In actions not involving real property, is the action being brought against United States, its officers or its employees AND the majority of the plaintiffs reside in Nassau or Suffolk County? No
3. If you answered "No" to all parts of Questions 1 and 2:
   a. Did a substantial part of the events or omissions giving rise to claim or claims occur in Nassau or Suffolk County? No
   b. Do the majority of defendants reside in Nassau or Suffolk County? No
   c. Is a substantial amount of any property at issue located in Nassau or Suffolk County? No
4. If this is a Fair Debt Collection PracticeAct case, was the offending communication received in either Nassau or Suffolk County? No
   (*Note, a natural person is considered to reside in the county in which that person is domiciled; an entity is considered a resident of the county that is either its principal place of business or headquarters, of if there is no such county in the Eastern District, the county within the District with which it has the most significant contacts*).

## PART E - BAR ADMISSION

1. I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court. No

   If you answered No to E(1), please see instructions and Local Civ. R. 1.3.

2. Are you currently the subject of any disciplinary action (s) in this or any other state or federal court? No If yes, please explain:

Not applicable - Plaintiff is not an attorney and appears pro se.

## PART F - IMMIGRATION HABEAS

1. Is this petition based on an immigration detention? No
2. Does this case require immediate attention of a judge? No

If you answered Yes in Part F, and are filing this action after business hours, please see instructions here: https://www.nyed.uscourts.gov/emergency-applications-filed-after-business-hours.

Check Form to Validate Before Signing

I certify the accuracy of all information provided above.

Signature: [signature]

Date: 8.28.2026